FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 3 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY shy  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SUENEGA-WILSON, | Case No. CV 12-10679 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant.[1] | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising two disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of Plaintiff's workers' compensation treating physician, David L. Friedman, M.D., Ph.D. (JS 3-9.)

///

---

[1] The Acting Commissioner is substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

Dr. Friedman first evaluated Plaintiff in January 2007. (AR 275-90, 337-52.) Plaintiff's mood was "moderately depressed," and her thought content revealed themes of diminished self-confidence, low self-esteem, anxiety, anger, and depression. (AR 286.) Plaintiff was oriented to person, place, time and situation, her judgment was intact, and she appeared to have above-average intelligence, a clear and coherent thought process, and no short-term or long-term memory impairment. (AR 286.) Dr. Friedman noted that Plaintiff was able to perform a wide range of daily activities. (AR 277-78.) Dr. Friedman diagnosed depression, single episode, severe, non-psychotic, and assigned Plaintiff a Global Assessment of Function ("GAF") score of 45, denoting serious symptoms or serious impairment with social and occupational functioning. (AR 287); *see* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV") Multiaxial Assessment, 27-36 (rev. 2000)). Dr. Friedman recommended weekly psychotherapy and psychoactive medication. (AR 289.) In February 2007, Plaintiff began receiving mental health treatment from a psychologist and a physician associated with Dr. Friedman's practice. (AR 269, 271-73, 274, 333-36.) In an August 2007 re-evaluation report, Dr. Friedman reported that Plaintiff was still moderately depressed, but Plaintiff had benefitted from treatment. (AR 263, 265.) Dr. Friedman gave Plaintiff a GAF of score of 51, indicating moderate symptoms or moderate difficulty in social, occupational, or school functioning. DSM-IV at 32. Plaintiff continued to receive mental health treatment at Dr. Friedman's office through June 2009. (AR 226-49.)

In December 2010, Dr. Friedman completed a form assessing Plaintiff's ability to perform mental work-related activities. (AR 518-19.) In 24 out of 25 mental functional abilities listed, Dr. Friedman checked the boxes indicating that Plaintiff was "unable to meet competitive standards." (AR 518-19.) By giving Plaintiff this rating, Dr. Friedman necessarily found that Plaintiff could not satisfactorily perform the described work activities independently, appropriately, or effectively on a sustained basis in a regular work setting. (AR 518.) The ALJ accorded no weight to this assessment. (AR 15.)

As Dr. Friedman's opinion was controverted by the opinions of other medical sources, the ALJ was obligated to provide specific and legitimate reasons for rejecting it. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996) (if a treating or examining physician's opinion on disability is controverted, it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record). The ALJ properly found that Dr. Friedman's "checksheet" assessment conflicted with his previous findings that Plaintiff was able "to perform a wide range of activities independently and with little interruption" from her alleged mental impairments. (AR 15, 252, 277-78.) In January 2007, Dr. Friedman reported that daily activities included exercising, doing household chores, shopping, and reading. (AR 277.) Plaintiff enjoyed cooking, and interacting with friends and family on a regular basis. (AR 277-78.) Dr. Friedman also reported that Plaintiff was working on her taxes and had been assisting her brother in compiling paperwork for his taxes. (AR 278.) In August 2007, Dr. Friedman reported that while Plaintiff's mood was still "moderately depressed," she had benefitted from treatment. (AR 263, 265.) The extreme limitations assessed in the December 2010 mental functional ability check sheet conflicted with Dr. Friedman's earlier findings. As there was no indication that Plaintiff's condition had deteriorated since August 2007, the ALJ provided a specific, legitimate reason for discounting Dr. Friedman's opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that the ALJ did not err in giving "minimal evidentiary weight" to controverted treating source opinions that were "in the form of a checklist," and lacked supportive objective medical findings); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("[w]hen confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings").

///

In addition, the ALJ accorded "great weight" to the non-examining medical expert, psychologist Dr. Betty Borden. (AR 15-16, 102-03.) Dr. Borden testified that Plaintiff was capable of performing simple, repetitive tasks, and could occasionally interact with the public and complete complex and detailed tasks. (AR 103.) A nonexamining medical expert's opinion may constitute substantial evidence when it is consistent with other independent evidence. *Morgan v. Apfel*, 169 F.3d 595, 599-600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); *Tonapetyan*, 242 F.3d at 1149. Here, Dr. Borden's opinion was corroborated by the opinion of the examining psychiatrist, Ernest Bagner, M.D. (AR 491-94.) Dr. Bagner found that Plaintiff would have no more than "mild" limitations in completing simple tasks, and "mild to moderate" limitations handling normal work stresses, maintaining concentration and attention, completing complex tasks, and completing a normal work week without interruption. (AR 15-16, 494.) Because Dr. Bagner's opinion was based on "independent clinical findings," the ALJ had discretion to disregard Dr. Friedman's assessment of Plaintiff's functional limitations. (AR 15-16); *see, e.g., Tonapetyan*, 242 F.3d at 1149 (consultative examiner's opinion constituted substantial evidence, because it rested on independent examination of claimant); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1989) ("Reports of consultative physicians called in by the Secretary may serve as substantial evidence"). Furthermore, the ALJ gave weight to the state agency physician's opinion that Plaintiff had mild to moderate limitations in mental functioning. (AR 15-16, 495-508.) The state agency physician's opinion, which was based in part on the medical findings of Dr. Bagner and was consistent with other record evidence, provides additional support for the ALJ's rejection of Dr. Friedman's opinion. *See Tonapetyan*, 242 F.3d at 1149; *Andrews*, 53 F.3d at 1041. The ALJ's resolution of the conflicting medical opinions is supported by substantial evidence.

Accordingly, Plaintiff is not entitled to a reversal or remand based upon Issue #1.

///

**Issue #2**

Plaintiff contends that the ALJ erred in failing to comment upon a function report completed by Plaintiff's friend, Gilbert Davis ("Davis"). (AR 214-21.)

Generally, lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). However an error in addressing lay witness testimony is harmless, if a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006); *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (explaining that if an ALJ's failure to discuss testimony favorable to the claimant was "inconsequential to the ultimate nondisability determination in the context of the record as a whole" then the failure is harmless error); *see also Graham v. Comm'r*, 441 Fed. Appx. 487, 489 (9th Cir. 2011).

Here, the ALJ's error in failing to discredit Davis's statement is harmless because the ALJ would not have reached a different disability determination had he considered it. *Stout*, 454 F.3d at 1056; *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). Davis's statement essentially reiterated Plaintiff's subjective complaints. Davis reported that Plaintiff has difficulty dealing with stress and changes in routine, experiences panic attacks, and has deficiencies in memory and concentration. (AR 215, 220-21.) Davis also described Plaintiff as a person who was physically and socially active. Davis reported that Plaintiff spends her days doing housework and chores, reading, exercising, cooking, caring for her friend's dogs, and interacting with others through emails, talking on the telephone and visiting in person. (AR 214-21.) Because Davis did not offer any new evidence or insight to establish disability, no reasonable ALJ would have reached a more favorable determination had Davis's statement been properly addressed. *Stout*, 454 F.3d at 1056. Moreover, the ALJ found that the inconsistency between Plaintiff's subjective complaints and admitted daily activities provided a legally

sufficient basis to discount Plaintiff's credibility. (AR 14-16, 198-202, 252, 277); *see Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility). As Davis's statement contained the same internal inconsistencies between Plaintiff's subjective complaints and her daily activities, any error on the ALJ's part in failing to specifically reject Davis's statement was inconsequential to the ultimate nondisability determination. *See Molina*, 674 F.3d at 1121-22 ("an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims" (brackets and internal quotation marks omitted)); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that an ALJ's clear and convincing reasons for discounting a claimant's testimony are equally germane to reject similar testimony by a lay witness).

Accordingly, a reversal or remand is not warranted on the basis of Issue #2.

## ORDER

The Court finds that the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: September 30, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE